BEFORE THE THIRD DIVISION, MAY 6, 1954

No. 58070.—A. L. Ofseyer *v.* United States, protests 209145–K and 209146–K (New York).

EKWALL, Judge:   The merchandise involved herein is described on the invoice as "10 albums of 20 original etchings each with water color." It was assessed at 5 per centum ad valorem under paragraph 1410 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, as unbound books of *bona fide* foreign authorship. It is claimed to be entitled to free entry under paragraph 1807 as original sketches.

When the case was called for trial, the plaintiff appeared in person and testified as follows: The merchandise involved herein was sent to him from Israel, unsolicited, by someone whom he did not know. It consisted of sketches in bound volumes, with a 3½-page introduction by Professor Shotts, director of an art school in Jerusalem. The witness accepted the albums in good faith, thinking the sketches were originals, and later was notified that duty was due thereon. He kept the books for a few months and had some correspondence with the shipper, who wanted him to sell them. However, he said he was not an art dealer, did not know the value of the merchandise, and felt he would not be able to sell it. He so advised the sender and returned the albums.

There is nothing in this testimony to establish that the merchandise consisted of original etchings or sketches. The witness said he knew nothing about art and gave no opinion as to the originality of the work. The evidence presented is clearly insufficient to overcome the presumption of correctness attaching to the collector's action.

Under section 558 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, no refund of duty may be allowed because of the exportation of any merchandise after its release from Government custody, except where drawback is expressly provided for by law, or when prohibited articles have been entered in good faith and exported under regulations prescribed by the Secretary of the Treasury, or where articles entered under bond are destroyed

under certain circumstances. Since none of the exceptions is applicable to the instant merchandise, and since it was released from customs custody and delivered to the plaintiff, no refund is permitted. *Khosrovschahi & Co.* v. *United States*, 39 C. C. P. A. (Customs) 40, C. A. D. 460; *Hudson Shipping Co., Inc.* v. *United States*, 18 Cust. Ct. 17, C. D. 1038.

For the reasons stated, we are constrained to overrule the protests. Judgment will be rendered accordingly.